1

**WYNNE LAW FIRM**
Edward J. Wynne      (SBN 165819)
J.E.B. Pickett         (SBN 154294)
100 Drakes Landing Road Ste. 275
Greenbrae, CA 94904
Telephone: 415-461-6400
Facsimile: 415-461-3900

2

3

4

5

6

Attorneys for Plaintiff

7

8

9

**UNITED STATES DISTRICT COURT**

10

**NORTHERN DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| HECTOR SARINANA, on behalf of himself and all others similarly situated, | **Case No. C-13-0905 EMC** |
| | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE** |
| Plaintiff, | |
| v. | **[28 U.S.C. § 1404(a)]** |
| DS WATERS OF AMERICA, INC., | Date:  May 16, 2013 |
| | Time:  1:30 p.m. |
| Defendant. | Court: 5, 17th floor |
| | Hon. Edward M. Chen |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA  94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE
C-13-0905 EMC

## Table of Contents

**Page**

STATEMENT OF FACTS ..................................................................................................1

DISCUSSION ................................................................................................................1

A.   Legal Standard ..................................................................................................1

B.   Plaintiffs' Choice Is Entitled To Deference ......................................................3

C.   Convenience of Parties and Witnesses .............................................................4

   1.   Defendant's Inadequate Showing Is Entitled to No Weight ...............4

   2.   Key Witnesses reside in this District ..................................................5

   3.   Defendant's Witnesses, if any, are Party Witnesses ...........................5

D.   Ease of Access to Proof ....................................................................................6

   1.   Documentary Evidence Can Be Accessed Anywhere ........................6

   2.   Analysis of documents will be the primary proof in this action .........8

E.   Local Interest in the Controversy .....................................................................8

F.   Court Congestion ..............................................................................................8

G.   Interests of Justice ............................................................................................9

CONCLUSION ............................................................................................................10

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE
C-13-0905 EMC

1

## Table of Authorities

2

**Federal Cases**                                                                 **Page(s)**

3
*A.J. Indus. Inc. v. U.S. Dist. Ct.*,
503 F.2d 384 (9th Cir.1974) ...................................................................................4

4
*Allstar Marketing Group, LLC v. Your Store Online, LLC*,
666 F.Supp.2d 1109 (C.D. Cal. 2009) .....................................................................7

5

6
*California Service Employees Health & Welfare Trust Fund v. Command Sec. Corp.*,
2012 WL 2838863 at \*5 (N.D. Cal. 2012) ...............................................................9

7
*Commodity Futures Trading Comm'n v. Savage*,
611 F2d 270 (9th Cir. 1979) ....................................................................................3

8

9
*Decker Coal Co. v. Commonwealth Edison Co.*,
805 F.2d 834 (9th Cir.1986) ................................................................................3, 9

10
*Florens Container v. Cho Yang Shipping*,
245 F.Supp.2d 1086 (N.D.Cal.2002) .......................................................................4

11

12
*Funeral Consumers Antitrust Litig.*,
2005 WL 2334362, at \*5 (N.D.Cal. Sept.23, 2005) ...............................................6

13
*Hawley v. Accor North America, Inc.*,
552 F.Supp.2d 256 (D.Conn. 2008) .........................................................................7

14

15
*Heller Fin'l, Inc. v. Midwhey Powder Co., Inc.*,
883 F2d 1286 (7th Cir. 1989) ..................................................................................2

16
*Holliday v. Lifestyle Lift, Inc.*,
2010 WL 3910143 (N.D.Cal. 2010) ........................................................................3

17

18
*In re Volkswagen of America, Inc.*,
506 F3d 376 (5th Cir. 2007) ....................................................................................2

19
*Johnson v. State of Miss.*,
78 F.R.D. 37 (N.D.Miss.1977) ................................................................................8

20

21
*Jones v. GNC Franchising, Inc.*,
211 F.3d 495 (9th Cir.2000) ....................................................................................2

22
*Los Angeles Memorial Coliseum Comm'n v. NFL*,
89 FRD 497 (C.D. CA 1981) *aff'd* 726 F2d 1381 (9th Cir.1984)............................3

23

24
*Metz v. U.S. Life Ins. Co. in City of New York*,
674 F.Supp.2d 1141 (C.D.Cal.2009) ...................................................................6, 7

25
*Miracle v. NYP Holdings, Inc.*,
87 F.Supp.2d 1060 (D HI 2000) ..............................................................................9

26

27
*Nat'l Super Spuds, Inc. v. New York Mercantile Exch.*,
425 F. Supp. 665 (S.D.N.Y. 1977) ..........................................................................3

28

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

*Purcell v. Spokeo, Inc.*,
   No. CI0-03978 HRL, 2011 U.S. Dist. LEXIS 71210, at *8, 9 [2011 WL 2607163]
   (N.D. Cal. July 1, 2011) ...................................................................................................8

*Securities Investor Protection Corp. v. Vigman*,
   764 F.2d 1309 (9th Cir.1985), rev'd in part on other grounds by *Holmes v. Securities
   Investor Protection Corp.*, 503 U.S. 258 (1992) .............................................................2

*Sonoda v. Amerisave Mortg. Corp.*,
   2011 WL 2653565, *2 (N.D. CA 2011) .........................................................................3, 6

*Stewart Org., Inc. v. Ricoh Corp.*,
   487 U.S. 22 (1988)..............................................................................................................2

*STX, Inc. v. Trik Stik, Inc.*,
   708 F.Supp. 1551 (N.D.Cal.1988).....................................................................................6

*Walker v. Jon Renau Collection, Inc.*,
   423 F.Supp.2d 115 (S.D.N.Y. 2005) .................................................................................7

**Federal Statutes**
28 U.S.C. § 1404(a) ....................................................................................................................1, 2
28 U.S.C. § 1406.............................................................................................................................2

**State Statutes**
Labor Code ¶ 514............................................................................................................................8

**Other Authorities**
James Wm. Moore, Moore's Federal Practice § 111.13[1][f] [iii]...............................................6

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

iii
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE
C-13-0905 EMC

1    Plaintiff Hector Sarinana hereby submits the following memorandum of points and

2    authorities in opposition to defendant DS WATERS OF AMERICA, INC.'s ("DS WATERS")

3    Motion to Transfer Venue per 28 U.S.C. § 1404(a).

4                                    **STATEMENT OF FACTS**

5    This case has one simple question at its heart:  Did Defendant fail to include the

6    incentives paid to Route Sales Representatives ("RSR's") when calculating their regular and

7    premium pay rates?  Unlike other wage and hour cases, the answer to this question will not

8    require witness testimony, task classification, determination of the employer's expectations or

9    an analysis of any exemption factors.

10   This one factual, and ultimately legal, question can be answered by a simple review of

11   the paystub records of the class members which are issued from Defendant's Georgia

12   headquarters and undoubtedly obtainable in electronic format.  Thus, Defendant's claim that

13   "material witnesses and/or documentary evidence" command transfer of this action to the

14   Central District is simply unfounded and misleading.  In reality, Defendant has created these

15   artificial claims to seek an unwarranted transfer of venue.

16   Further, Defendant ignores the fact that this action seeks certification of a nationwide

17   collective action under the FLSA, 29 U.S.C. § 201 *et seq*.  Defendant's "Northern" vs.

18   "Southern" California approach ignores the fact that many of the putative collective action

19   class members will be from outside of California.  Lastly, under Defendant's own reasoning,

20   the Northern District is the proper venue for this action due to the need to resolve the factual

21   and legal effect of Defendant's collective bargaining agreement relative to the claims in this

22   case.  Because the collective bargaining agreement apparently only covers employees in

23   northern California, this District, under Defendant's analysis, is the proper venue due to the

24   proximity of those witnesses and documents.

25   In sum, transfer of this action would not promote the interests of justice.

26                                    **DISCUSSION**

27   **A.    Legal Standard**

28   Defendant has brought its motion under 28 U.S.C. § 1404(a) which states, "For the

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

1
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE
C-13-0905 EMC

convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  It is important to note that Defendant has not brought the Motion under 28 U.S.C. § 1406 which provides for dismissal or transfer of actions brought in the wrong district.  Indeed, Defendant's Answer to the Complaint admits this Court has jurisdiction over this matter and that venue is proper in this district. (Docket No. 17, Defendant's Answer to Complaint, ¶ 23.)

The moving party in a motion to transfer bears the burden of showing that the transfer is appropriate. *See, Securities Investor Protection Corp. v. Vigman,* 764 F.2d 1309, 1316-17 (9th Cir.1985), *rev'd in part on other grounds by Holmes v. Securities Investor Protection Corp.,* 503 U.S. 258 (1992). The weight of the burden, however, depends partly on the plaintiff's venue choice. *Id.* The general rule is that the plaintiff's choice of venue is accorded substantial weight. *Id.* Accordingly, transfers generally do not take place unless the convenience and justice factors **strongly favor** venue elsewhere. *Id., emphasis added.*

A transfer will not be ordered if the result is merely to shift the inconvenience from one party to another. "When the transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed. When the transferee forum is *clearly* more convenient, a transfer should be ordered." *In re Volkswagen of America, Inc*., 506 F3d 376, 385 (5th Cir. 2007) (emphasis added); *Heller Fin'l, Inc. v. Midwhey Powder Co., Inc.,* 883 F2d 1286, 1293 (7th Cir. 1989).  Defendant has failed to meet its burden to show that transfer is "clearly more convenient."

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"  *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988) (citation omitted); *Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498 (9th Cir.2000). Thus, in considering whether to grant a motion to transfer, the district court may consider any of a number of "case-specific factors." *See, Stewart Org.,* 487 U.S. at 29; *Jones,* 211 F.3d at 498.  Indeed, as clarified by this Court:

Consistent with the above, courts in this District have commonly articulated the

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

2
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE
C-13-0905 EMC

relevant factors: (1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. [Citation] Importantly, the Ninth Circuit has stated that in general '[t]he defendant must make a *strong showing* of inconvenience to warrant upsetting the plaintiff's choice of forum.' *Decker Coal Co. v. Commonwealth Edison Co*., 805 F.2d 834, 843 (9th Cir.1986) (emphasis added).

*Sonoda v. Amerisave Mortg. Corp.*, 2011 WL 2653565, *2 (N.D. CA 2011)

**B.      Plaintiffs' Choice Is Entitled To Deference.**

Contrary to Defendant's assertion, Plaintiff's choice of forum is accorded some deference where, as here, Plaintiff seeks to bring both a nationwide collective action and a class action based on state law claims. *Holliday v. Lifestyle Lift, Inc*., 2010 WL 3910143 (N.D.Cal. 2010). Because plaintiff's choice of forum is entitled to deference, the moving party has the burden of showing that "the convenience of parties and witnesses" and "interest of justice" require transfer to another district. *Commodity Futures Trading Comm'n v. Savage,* 611 F2d 270, 279 (9th Cir. 1979); *Los Angeles Memorial Coliseum Comm'n v. NFL,* 89 FRD 497, 499 (C.D. CA 1981) *aff'd* 726 F2d 1381 (9th Cir.1984). Plaintiff's choice of forum is significant in a class action where it appears preferable to other forums in administering the action and protecting the class. *Nat'l Super Spuds, Inc. v. New York Mercantile Exch.*, 425 F. Supp. 665, 668 (S.D.N.Y. 1977).

As noted previously, this action is not one that will require <u>any</u> witness testimony because liability boils down to whether or not Defendant included the incentive payments into its employees' regular rate when calculating the premium rate for overtime hours worked. Either the Defendant included the incentive pay or it did not and no witness testimony is needed to make that determination as it is purely a matter of simple arithmetic.

Moreover, because Plaintiff seeks to bring both a nationwide collective action under the FLSA in addition to a state class action claim under Rule 23, to the extent any witnesses are necessary to testify, those witnesses will be coming both from all over the state and from out-of-state. Thus, this Court – centrally located in the state – is the most convenient for *all*

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

3
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE
C-13-0905 EMC

witnesses.  Plaintiff's choice of forum, while given only small deference, still weighs in favor of Plaintiff on this factor.

**C.   Convenience of Parties and Witnesses:**

      **1.   Defendant's Inadequate Showing Is Entitled to No Weight.**

As an initial matter, in establishing inconvenience to witnesses, the moving party is "obligated to identify the key witnesses to be called and to present a generalized statement of what their testimony would include." *Florens Container v. Cho Yang Shipping*, 245 F.Supp.2d 1086, 1093 (N.D.Cal.2002) (citing *A.J. Indus. Inc. v. U.S. Dist. Ct.*, 503 F.2d 384, 389 (9th Cir.1974).  Defendant has clearly failed to meet this requirement.  The witnesses it has identified have proffered testimony that is entirely irrelevant to any issue in this action.

First, Defendant argues that Plaintiff's managers and coworkers may provide testimony "including the details of Plaintiff's employment and compensation (including hours worked, job duties, and the details of any incentive plans)." (Def. Motion, p. 6:27-7:1.)

Next, Defendant provides a declaration from Tami Leary stating that Plaintiff's immediate supervisor, Jim Helton:

> …was responsible for monitoring, managing and evaluating his work performance, and assigning his job tasks or projects. He was also responsible for communicating and implementing any incentive compensation plans that would have applied to Plaintiff. As Plaintiffs direct supervisor, Mr. Helton would have the most information of any DSW employee regarding Plaintiffs job duties, work hours, and any disciplinary issues.

Def. Mot., Docket No. 21, Leary Decl. ¶ 6.

Last, the Leary declaration also claims that, "If Plaintiff had any questions regarding HR issues, including the calculation of his pay or overtime, he would contact me, Mr. Helton, or the HR Generalist who works out of DSW's Baldwin Park, California office." (Leary Decl. ¶ 8.)

Defendant's showing is woefully inadequate.  Defendant has failed to explain how any of the proffered testimony would have any relevance to the claims raised in the Complaint. Defendant's answer admits that its employees work overtime hours and are expected to keep accurate records of the hours they work and Defendant does not deny that those records are

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415)461-6400
WWW.WYNNELAWFIRM.COM

4
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE
C-13-0905 EMC

1    accurate.  (Docket No. 17, Answer, ¶ 12.)  The paystubs issued to each putative class member

2    reflects their hours worked, including overtime hours, incentive payments paid, and the alleged

3    regular and overtime rates.  (Wynne Decl., Ex. 1.)

4         Because this action concerns only the whether or not Defendant failed to include

5    incentive payments in calculating Plaintiff's regular and overtime rates, Plaintiff's (or putative

6    class members') work performance, tasks, work hours, disciplinary issues and his supervisor's

7    communication of and implementation of any incentive compensation plans are entirely

8    irrelevant.  Whether incentive plan rates changed year to year is irrelevant.  Whether Plaintiff

9    worked more overtime one week as opposed to another is irrelevant.  Whether Plaintiff's

10   supervisor assigned him a different route at different times is irrelevant.  Whether Plaintiff was

11   disciplined at some time is irrelevant.  Whether Plaintiff had questions during his employment

12   regarding HR issues or the calculation of his pay is irrelevant.  Thus, Defendant has failed to

13   demonstrate how any of these alleged witnesses would have any information as to whether or

14   not Plaintiff's incentive payments were included in the calculation of his regular and overtime

15   rate by Defendant's accounting office.  Accordingly, because Defendant has failed to meet its

16   burden in this regard, the Court should not give this factor any weight in Defendant's favor.

17       **2.      Key Witnesses reside in this District.**

18       Defendant has raised a potential issue common to many of the putative class members

19   in this district by claiming that there are collective bargaining agreements ("CBA's") allegedly

20   applicable to some of the putative class members in this district.  (Def. Mot., Docket No. 22,

21   Van Buskirk Decl., ¶ 8.)  Because any CBA would have been negotiated at each of the sites

22   within this district, under Defendant's own reasoning, the witnesses who would be necessary to

23   attest to the CBA's and their application would reside in this district.  Further, the apparent key

24   witness for Defendant on this issue, Laurie Van Buskirk, also apparently resides and/or works

25   in this district. (Def. Mot., Docket No. 22, Van Buskirk Decl.)  Accordingly, the Court should

26   give this factor strong weight in favor of Plaintiff.

27       **3.      Defendant's Witnesses, if any, are Party Witnesses.**

28       Of some importance, the Court should note that Defendant has failed to identify any

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

5
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE
C-13-0905 EMC

"witness" who will provide testimony as to the relevant and sole claim in this action – whether incentive payments were included in the calculation of the employees' regular and overtime rates.  Clearly, however, those witnesses will be current, corporate designated "persons most knowledgeable" of DSW capable of providing information as to that question.  Thus, such persons are "party witnesses."  Moreover, the supervisor and HR witnesses identified by Defendant's declarations are also all current employees of Defendant and are also "party witnesses."  Inconvenience to party witnesses (such as current employees) is not as important as inconvenience to nonparty witnesses (such as former employees) largely because party witnesses are subject to compulsory process.  *Metz v. U.S. Life Ins. Co. in City of New York*, 674 F.Supp.2d 1141, 1147 (C.D.Cal.2009)

As noted by this Court:

> …many cases distinguish between party witnesses (and those closely aligned with a party, such as employees) who are presumed to be willing to testify in either forum despite the inconvenience that one of the forums would entail, and non-party witnesses who may be unwilling to testify at all, and may not be compelled to do so if they reside more than 100 miles from the court at which the trial is held." Moore's § 111.13[1][f] [iii]; see also *Funeral Consumers Antitrust Litig.*, 2005 WL 2334362, at *5 (N.D.Cal. Sept.23, 2005) (noting that "a corporate defendant can be expected to arrange for some present and [even] past employees to testify live and voluntarily but only if their testimony will be favorable on balance to the defense").

*Sonoda, supra,* 2011 WL 2653565 at *5 (N.D. CA 2011)

Thus, as Defendant's "witnesses," if any, will all be current employees of Defendant, the Court should not give this factor any weight in Defendant's favor.  *STX, Inc. v. Trik Stik, Inc.*, 708 F.Supp. 1551, 1556 (N.D.Cal.1988).

**D.      Ease of Access to Proof.**

**1.      Documentary Evidence Can Be Accessed Anywhere.**

Liability will not turn on the testimony of Plaintiff's supervisors and co-workers but on the review and calculation of the paystubs of the putative class members.  Defendant has made no statement on the location of those documents. Plaintiff's paystubs, however, all indicate that they were issued from an out-of-state location.  (Wynne Decl., Ex. 1.)  Thus, the relevant

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

6
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE
C-13-0905 EMC

1   documentary evidence is not located within this state.  If a motion to transfer venue is based on

2   the location of records and documents, Defendant must show with particularity the location,

3   difficulty of transportation, and the importance of such record.  *Allstar Marketing Group, LLC*

4   *v. Your Store Online, LLC,* 666 F.Supp.2d 1109, 1133 (C.D. Cal. 2009).  Defendant has failed

5   to make any such showing here.

6          More importantly, Defendant's claim that personnel files and incentive plans are located

7   in Southern California is irrelevant and entitled to no weight.  First, this action is not concerned

8   with Plaintiff's personnel file or changes to incentive plans.  It is concerned only with the

9   amount of incentives recorded on each paystub.  Secondly, every document relevant to this

10  litigation is no doubt available electronically or at least certainly capable of being made

11  available electronically.  As noted by numerous courts, in today's era, the location of

12  documents and their "transportation" is moot given the likelihood of electronic storage and

13  transmission capabilities.  *Metz, supra,* 674 F.Supp.2d at 1149; *Hawley v. Accor North*

14  *America, Inc.*, 552 F.Supp.2d 256 (D.Conn. 2008). [Although the location of relevant

15  documents is entitled to some weight in determining whether to transfer venue, modern

16  photocopying technology and electronic storage often deprive this issue of practical or legal

17  weight.]; *Walker v. Jon Renau Collection, Inc.*, 423 F.Supp.2d 115 (S.D.N.Y. 2005) [Location

18  of documents is neutral factor, when deciding whether to transfer venue, in today's era of

19  photocopying, fax machines and overnight delivery services].  In today's technological

20  environment, there is simply no merit to the contention that the physical location of one copy of

21  documents weighs in favor of transfer.

22         If, however, the location of relevant documents is deemed a factor, that factor weighs in

23  Plaintiff's favor.  Defendant has claimed that some of the offices in this district may be affected

24  by various CBA's.  Assuming this is true, the CBA's and key witnesses testifying to the dates

25  and manner of their application will all be located within this district.  Thus, if there is any

26  deference to be given to the location of documents and witnesses, that factor weighs in

27  Plaintiff's favor.

28  *///*

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

7
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE
C-13-0905 EMC

1          **2.      Analysis of documents will be the primary proof in this action.**

2          As previously noted, other than as to the potential application of the CBA's, witness

3    testimony would be largely irrelevant in this case because the only issue concerns whether or

4    not Defendant included all incentives paid in their calculation of the regular and overtime rates.

5    Where determination of liability is primarily to be made through statistical and documentary

6    analysis, transfer to a district other than one selected by Plaintiff is not warranted.  *Johnson v.*

7    *State of Miss.*, 78 F.R.D. 37 (N.D.Miss.1977).  Thus, the fact that there are more class members

8    in one district than the other has no weight on the analysis of transfer of venue.

9    **E.     Local Interest in the Controversy.**

10         The Northern District clearly has a local interest in the controversy as Defendant has

11   offices in this district and employs putative class members who work and reside throughout the

12   Northern District.  Moreover, the question of whether or not employees within this district may

13   be excluded by a CBA militates for venue in this district.  If this question of law is to determine

14   whether or not such employees may be excluded from this action, those employees should be

15   entitled to a decision on the merits within this district.

16         Moreover, Defendant has failed to provide any evidence of the CBA's and their

17   application or to prove that it in fact pays such employees properly pursuant to Labor Code 514

18   or that it provides for a proper premium rate for any such employees.  Thus, the question of

19   law, applicable only to putative class members in this district, creates a strong local interest in

20   the controversy.

21   **F.     Court Congestion.**

22         The relative congestion of the dockets does not weigh in favor a transfer of venue.

23   Defendant provides the court with information stating that the Northern District is more

24   congested than the Central District, as the median time from filing to disposition in all civil

25   cases is 1.2 months longer in the Northern District than in the Central District, and the median

26   time from filing through trial is 10.4 months longer in the Northern District. (Def. Mot., Docket

27   No. 18, pg. 12:15-20 citing *Purcell v. Spokeo, Inc.*, No. CI0-03978 HRL, 2011 U.S. Dist.

28   LEXIS 71210, at *8, 9 [2011 WL 2607163] (N.D. Cal. July 1, 2011).

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

8
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE
C-13-0905 EMC

1   Plaintiff would contend that a more accurate representation would be the weighted

2   average of cases filed in the last 12 months of available statistics, which shows fewer weighted

3   average of cases in the Northern District as opposed to the Central. (See, Plaintiff's Request for

4   Judicial Notice, U.S. District Courts – Weighted and Unweighted Filings per Authorized

5   Judgeship During the 12 month Period Ending September 30, 2012. (Available at

6   http://www.uscourts.gov/uscourts/Statistics/JudicialBusiness/2012/appendices/X01ASep12.pdf.

7   )  On that basis, the fact that the Northern District averages only 1.2 months longer than the

8   Central District in case disposition should be given little weight or, combined with the

9   weighted average, weigh in Plaintiff's favor.  *California Service Employees Health & Welfare*

10  *Trust Fund v. Command Sec. Corp.,* 2012 WL 2838863 at *5 (N.D. Cal. 2012).

11  **G.      Interests of Justice.**

12  In a case such as the one at bar where one of the parties is a large corporation and the

13  other is not, defendant's assertions regarding monetary expense are likely to be disregarded.

14  *Miracle v. NYP Holdings, Inc.,* 87 F.Supp.2d 1060, 1073 (D HI 2000).  Defendant's assertions

15  of increased cost are entirely meritless.  Defendant is a very large corporation and can well

16  afford any cost.  Indeed, it has submitted no evidence that the cost to litigate in this Court is any

17  greater than in the Central District.  The costs to Plaintiff, however, if venue is changed, may

18  be substantial.  Plaintiff is an individual, who will utilize limited resources in order to be

19  present and actively litigate this case.  While convenience of counsel is not a factor to be

20  considered, the increased costs borne by Plaintiff by requiring his counsel to travel significant

21  distances to litigate the action can be a fact to be considered by the Court in the interests of

22  justice.  Further, counsel for both Plaintiff and Defendant are located in San Francisco.  Thus, it

23  would save both parties' time and money if the action were to remain in this district.   In

24  deciding whether to transfer, the Court must be careful to avoid a transfer that "would merely

25  shift rather than eliminate" the inconvenience of costs. *Decker Coal, supra*, 805 F.2d at 843.

26  ///

27  ///

28  ///

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA  94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

9
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE
C-13-0905 EMC

1

## CONCLUSION

2       In light of the foregoing, Plaintiff respectfully requests that the Motion to Transfer be

3  denied.

4

5  Dated:  April 23, 2013                          Respectfully submitted,

6                                                  **WYNNE LAW FIRM**

7

8

9                                                  By:____/S/Edward J. Wynne_____

10                                                      Edward J. Wynne
                                                        100 Drakes Landing Road, Suite 275
                                                        Greenbrae, CA 94904
11                                                      Telephone: 415-461-6400
                                                        Facsimile: 415-461-3900
12                                                      *Counsel for Plaintiff*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA  94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

10
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE
C-13-0905 EMC