1  WYNNE LAW FIRM
   Edward J. Wynne      (SBN 165819)
2  ewynne@wynnelawfirm.com
   J.E.B. Pickett          (SBN 154294)
3  jebpickett@wynnelawfirm.com
4  100 Drakes Landing Road Ste. 275
   Greenbrae, CA 94904
5  Telephone: 415-461-6400
   Facsimile: 415-461-3900
6

7  DICKINSON WRIGHT PLLC                    SEYFARTH SHAW LLP
   Pro Hac Vice                             Catherine M. Dacre (SBN 141988)
8  Peter F. Klett, Esq. (Tenn. Bar No. 12688)   cdacre@seyfarth.com
   pklett@dickinsonwright.com               Eric E. Hill (SBN 173247)
9  424 Church Street, Suite 1401            ehill@seyfarth.com
   Nashville, Tennessee  37219              560 Mission St., 31st Fl.
10 Telephone: 615-244-6538                  San Francisco, CA 94105
   Facsimile: 615-256-8386                  Telephone: 415-397-2823
11                                          Facsimile: 415-397-8549
12 Attorneys for Plaintiff
   HECTOR SARINANA
13                                          Attorneys for Defendant
                                            DS WATERS OF AMERICA, INC.
14

15           **UNITED STATES DISTRICT COURT**

16         **NORTHERN DISTRICT OF CALIFORNIA**

17

18 HECTOR SARINANA, on behalf of himself    **Case No.  3:13-cv-00905-EMC**
19 and all others similarly situated,
                                            **STIPULATION AND [PROPOSED]**
20              Plaintiff,                   **ORDER RE: FIRST AMENDED**
                                            **COMPLAINT**
21         v.
                                            **[CLASS ACTION]**
22
23 DS WATERS OF AMERICA, INC.,
24              Defendant.

25
26
27
28

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA  94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
C-13-0905 EMC

1    Hector Sarinana ("Plaintiff") on behalf of himself and all others similarly situated, and

2    defendant DS Waters of America, Inc. ("Defendant") stipulate as follows:

3                                        **RECITALS**

4    WHEREAS, on June 11, 2013, Defendant's Motion for Transfer came on for hearing

5    and the Court continued the matter for the parties to resolve whether Plaintiff would file a

6    Motion to Amend the Complaint or to stipulate to the proposed amendment;

7    WHEREAS, Plaintiff has provided the proposed First Amended Complaint to

8    Defendant and Defendant stipulates to the filing of the proposed First Amended Complaint.

9                                       **STIPULATION**

10   Defendant hereby stipulates to the filing of Plaintiff's proposed First Amended

11   Complaint marked and attached hereto.

12

13   Dated: June 25, 2013                 WYNNE LAW FIRM
                                          DICKINSON WRIGHT PLLC
14

15                                        _____/s/_____

16                                        Edward J. Wynne
                                          Peter F. Klett
17                                        Attorneys for Plaintiff
                                          HECTOR SARINANA
18

19   Dated: June 25, 2013                 SEYFARTH SHAW LLP

20                                        _____/s/_____

21                                        Eric E. Hill
                                          Attorneys for Defendant
22                                        DS WATERS OF AMERICA, INC.

23

24

25

26

27

28

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA 94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
C-13-0905 EMC

1

## <u>ORDER</u>

2        Good cause having been shown, the Court approves the stipulation between the parties

3   and permits Plaintiff to file the First Amended Complaint attached hereto.  Defendant will have

4   been deemed served with the First Amended Complaint upon entry of this order.

5

6   Dated: _____, 2013

7                                                                    Hon. Edward M. Chen

8                                                                    United States Dist

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



# EXHIBIT 1

1  WYNNE LAW FIRM
   Edward J. Wynne      (SBN 165819)
2  ewynne@wynnelawfirm.com
   J.E.B. Pickett        (SBN 154294)
3  jebpickett@wynnelawfirm.com
4  100 Drakes Landing Road Ste. 275
   Greenbrae, CA 94904
5  Telephone: 415-461-6400
   Facsimile: 415-461-3900
6

7  DICKINSON WRIGHT PLLC
   Pro Hac Vice
8  Peter F. Klett, Esq. (Tenn. Bar No. 12688)
   pklett@dickinsonwright.com
9  424 Church Street, Suite 1401
   Nashville, Tennessee  37219
10 Telephone: 615-244-6538
   Facsimile: 615-256-8386
11

12 Attorneys for Plaintiff
   HECTOR SARINANA
13

14              **UNITED STATES DISTRICT COURT**

15           **NORTHERN DISTRICT OF CALIFORNIA**

16 HECTOR SARINANA, on behalf of himself    | **Case No.  3:13-cv-00905-EMC**
   and all others similarly situated,
17                                          | **FIRST AMENDED COMPLAINT**
                                            | **1.  Common Law Breach of Contract**
18                   Plaintiff,             | **2  Waiting Time Penalties, Calif. Labor**
                                            | **Code § 203**
19            v.                            | **3.  Penalties, Calif. Labor Code § 226**

20 DS WATERS OF AMERICA, INC.,
                                            | [CLASS ACTION]
21                   Defendant.

22

23

24

25         Hector Sarinana ("Plaintiff") on behalf of himself and all others similarly situated,

26 alleges as follows:

27                          **INTRODUCTION**

28         1.      This is a breach of contract action brought on behalf of a nationwide class

---

consisting of all current and former overtime and incentive eligible employees whose incentive payments were not included in their overtime compensation who are, or were employed by DS Waters of America, Inc. or its parent, subsidiaries, divisions, related or successor companies ("DS Waters," or "Defendant"), during the applicable statutory coverage period beginning from the time this action was originally filed until the time the action is certified as a class action.

2.     Plaintiff also brings this action as a state-wide sub-class action on behalf of all current and former overtime and incentive eligible employees whose overtime compensation was not properly calculated, who are, or were employed by Defendant within the State of California during the statutory coverage of a breach of contract claim from the time this action was originally filed to the time the action is certified as a class action, who are entitled to penalties due to Defendant's violations of Labor Code §§ 201-202, and 226.

3.     Plaintiff is unaware of the names and capacities of all defendants who may have caused or contributed to the harms complained of herein, but will seek leave to amend this complaint once their identities become known to Plaintiff.   Upon information and belief, Plaintiff alleges that at all relevant times each defendant was the officer, director, employee, agent, representative, alter ego, co-employer, or co-conspirator of each of the other defendants, and has engaged in the conduct alleged herein was in the course and scope of and in furtherance of such relationship.

4.     The Nationwide Class and the California Sub-Class are hereafter collectively referred to as the "Class."

5.     The individual members of the Class are hereafter collectively referred to as the "Class Members."

6.     Plaintiff alleges on behalf of the Nationwide Class who do not opt-out of this action that they are entitled to unpaid wages from Defendant for overtime work for which they did not receive all of their overtime premium pay.

7.     Plaintiff alleges on behalf of the California Sub-Class who do not opt-out that they are: (a) entitled to penalties for failing to properly and timely pay all wages due and owing at time of termination; and, (b) entitled to penalties for failing to retain and provide accurate

records of wages earned by Plaintiff and the California Sub-Class.

8.      Each of the foregoing acts is in contravention of applicable employment laws.

**JURISDICTION AND VENUE**

9.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

10.     Venue is proper pursuant to 28 U.S.C. § 1391 as Defendant is subject to personal jurisdiction in this district because it does business in this judicial district.  Defendant has not designated a principal place of business in California.

**PARTIES**

11.     Plaintiff Hector Sarinana is a resident of the State of California and was employed by Defendant as a Route Sales Representative during the statutory time period covered by this Complaint. Mr. Sarinana was an overtime and incentive eligible employee of the Defendant and is a member of the proposed Class.

12.     At all relevant times during the applicable class period, Defendant DS Waters of America, Inc. (DS Waters) is a privately-owned U.S. operated company with its principal place of business in Atlanta, Georgia.  DS Waters is in the business of offering bottled water, brewed coffee and tea beverages and related equipment, break room supplies, and equipment and services for water filtration systems. DS Waters' products are produced at 28 company-managed production facilities, 10 supplier-managed facilities and delivered to over a million home, office, restaurants, food service organizations, convenience stores, and retail locations across the U.S. and in this judicial district. DS Waters' bottled water products are sold under the brand names Alhambra®, Athena®, Belmont Springs®, Crystal Springs®, Deep Rock®, Hinckley Springs®, Kentwood Springs®, Mount Olympus®, Nursery® Water, Sierra Springs®, and Sparkletts®. DS Waters also delivers brewed coffee and tea beverages, breakroom supplies under the Standard Coffee®, and Javarama® brands. DS Waters provides water filtration systems under the brands StanGuard Quality Water Assurance™ and MyUtapia®, as well as equipment and services under the Relyant Coffee Equipment Services™ brand. The company's bottled water product offerings include three and five gallon returnable bottles, one gallon, two-and-a-half gallon and single-serve bottles. DS Waters also

1    offers brewing systems for coffees and teas, as well as bottled water coolers and water filtration

2    units.

3         13.    Defendant operates nationwide and does business within this judicial district.

4    Defendant employs and has employed, upon information and belief, over 500 hundred overtime

5    and incentive eligible employees in the State of California at any one time and Plaintiff

6    estimates the Nationwide Class to be well in excess of the size of the estimated California Class

7    during the relevant statute of limitations periods.

8         **FACTUAL ALLEGATIONS**

9         14.    As a condition of employment, Defendant informed Plaintiff and the Class that

10   their positions were overtime eligible positions and they would be paid overtime compensation

11   for overtime hours worked in accordance with state and federal law.  More specifically,

12   Defendant informed Plaintiff and the Class that they would receive a premium rate of pay equal

13   to one and one-half times their regular or base rate which included all remuneration earned.

14        15.    Plaintiff held the title "Route Sales Representative," was designated as

15   nonexempt, and paid an hourly or base rate of pay for all hours worked.  Plaintiff is informed

16   and believes and thereon alleges that Defendant employed other overtime and incentive eligible

17   positions such as "Route Sales Specialist."

18        16.    Defendant informed Plaintiff and the Class that they were eligible to earn

19   production-based commissions and incentives for, *inter alia,* the amount of water products

20   delivered, new accounts opened up, and coffee products delivered.  Defendant informed and

21   promised Plaintiff and the Class that they would be paid overtime compensation on the

22   commissions and incentive payments they earned for overtime hours worked in accordance

23   with state and federal law.

24        17.    During his tenure with Defendant, Plaintiff and the Class worked overtime hours

25   and also earned commissions and incentive compensation.  In order to keep track of their hours,

26   Plaintiff and the Class were required to keep accurate records of the hours they worked.

27        18.    Notwithstanding its promise to pay Plaintiff and the Class in accordance with

28   state and federal law, Defendant failed to include all remuneration Plaintiff and the Class

earned in their premium rates in calculating their overtime compensation.  As a result, Plaintiff and the Class were not paid all of their wages that are due and owing.

19.     The wage statements Defendant provides to its overtime and incentive eligible employees fail to accurately state the regular and premium rates upon which the employees are paid.

20.     Evidence reflecting the precise number of overtime hours worked by Plaintiff and every other member of the Class, as well as the applicable compensation rates, is in the possession of Defendant.

21.     Defendant has a centralized administration for payroll where Defendant calculates the regular and premium rates of pay for all of the Class Members.

## CLASS  ACTION ALLEGATIONS

22.     Plaintiff brings this action on behalf of the Nationwide Class and a California Sub-Class pursuant to pursuant to Federal Rule of Civil Procedure 23.

23.     The members of the classes are so numerous that joinder of all members is impracticable.   The exact number of the members of the classes can be determined by reviewing Defendant's records.  Plaintiff is informed and believes and thereon alleges that there are thousands of individuals in the Nationwide Class.

24.     Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel that are experienced and competent in class action and employment litigation.  Plaintiff has no interests that are contrary to, or in conflict with, other class members.

25.     A class action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of this lawsuit.  The damages suffered by individual members of the Class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Class to individually seek redress for the wrongs done to them.

26.     A class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy.  Absent these actions, the class members likely will not obtain redress of their injuries, and Defendant will retain the proceeds of its breach of

contract by its failure to follow federal and state law.

27.     Even if any individual class member could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.  Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Class and provide for judicial consistency.

28.     There is a well-defined community of interest in the questions of law and fact affecting the Class as a whole.  Questions of law and fact common to each of the Class predominate over any questions affecting solely individual members of the action.   The predominant common questions of law and fact for the Nationwide Class is whether, as required by the parties' agreement, Defendant is required to include all forms and remuneration, including production-based commissions and incentive in the Class Members' regular rate of pay and whether Defendant did so with respect to Plaintiff and the Class Members.  The answer to this predominant common question is equally applicable to all Class Members and an answer to that will drive resolution of the litigation.

29.     Pursuant to Fed. R. Civ. Pro. 23(a) and (b), Plaintiff seeks to prosecute these claims as a class action on behalf of:

> All current and former overtime and incentive eligible employees whose incentive payments were not included in their overtime compensation who worked for Defendant at any time in the United States of America during the statutory coverage of a breach of contract claim from the time this action was originally filed to the time the action is certified as a class action.

30.     Notice of the pendency and any resolution of this action can be provided to Nationwide Class by mail, print, and/or internet publication.

31.     Plaintiff also alleges a California Sub-Class pursuant to Federal Rule of Civil Procedure 23(a) and (b) of on behalf of himself and the following persons similarly situated:

> All current and former overtime and incentive eligible employees whose incentive payments were not included in their overtime compensation who worked for Defendant at any time in the state of California during the statutory coverage of a breach of contract claim from the time this action was originally filed to the time the

action is certified as a class action who are entitled to penalties due to Defendant's violations of Labor Code §§ 201-202, and 226.

32.     In addition to the predominant common issues of fact and law described above, the California Sub-Class Members have numerous other common issues of fact and law, including whether Defendant: (a) failed to maintain and provide members of the California Class with accurate and detailed records of wages earned, pursuant to California Labor Code § 226 and 1174; and (b) failed to timely and properly pay California Sub-Class members all wages at time of termination pursuant to Labor Code § 201-203.

## COUNT ONE

### (Common Law Breach of Contract)

33.     Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

34.     Plaintiff brings this cause of action for common law breach of contract on behalf of himself and all other members of the Nationwide Class.

35.     As part of the terms and conditions of employment, it was agreed that Defendant may require overtime work from the Plaintiff and the Class Members.  It was agreed and understood that Plaintiff and the Class Members were expected to work overtime as assigned and/or required.  It was further agreed and understood that Plaintiff and the Class Members would be paid premium wage in accordance with all state and federal laws.

36.     State and federal laws require that all production-based commissions and incentive payments be included in the regular rate for calculating overtime compensation.

37.     In consideration for being paid in accordance with state and federal laws, Plaintiff and the Class agreed to perform their duties and responsibilities.  Plaintiff and the Class performed their duties and responsibilities.

38.     Defendant failed to include all remuneration when calculating the regular rate of pay in order to properly pay the overtime premium rate for Plaintiff and for all Class Members. More specifically, Defendant failed to include all production-based commissions and incentive

FIRST AMENDED COMPLAINT

pay in the regular rate paid to Plaintiff and the Class Members.

39.     Defendant's failure to include all remuneration earned by Plaintiff and the Class in their regular rate for overtime hours worked was a breach of its agreement with Plaintiff and the Class Members.

40.     Defendant's breach of its agreement resulted in Plaintiff and the Class being paid less than what Defendant had promised thereby causing Plaintiff and the Class to be damaged thereby.

## COUNT TWO

(Waiting Time Penalties, California Labor Code § 203)

41.     Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

42.     Plaintiff brings this cause of action for waiting time penalties pursuant to California Labor Code § 203 on behalf of himself and all other members of the California Sub-Class.

43.     Defendant willfully and intentionally failed to pay Plaintiff and the other members of the California Sub-Class, who are no longer employed by Defendant, all the wages they were due and/or by the deadlines imposed under Labor Code §§ 201 and 202 upon cessation of the Class Members' employment with Defendant.  Plaintiff and the other members of the California Sub-Class did not secret or absent themselves from Defendant nor refuse to accept the earned and unpaid wages from Defendant.  Accordingly, Plaintiff and members of the California Sub-Class no longer employed by Defendant are entitled to waiting time penalties per Labor Code § 203 of up to thirty (30) days' pay, in an amount to be proven at trial.

## COUNT THREE

(Penalties, California Labor Code § 226)

44.     Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

45.     Plaintiff brings this cause of action for penalties pursuant to California Labor

1  Code § 226 on behalf of himself and all other members of the California Sub- Class.

2       46.    Due to Defendant's failure to properly calculate the regular and premium rates
3  of Class Members and its failure to set forth the actual regular and premium rates on each class
4  member's payroll statements, Defendant has knowingly and intentionally failed to provide
5  Plaintiff and members of the California Sub-Class with accurate and detailed records of wages
6  earned and hourly rates required by Labor Code § 226(a).

7       47.    Therefore, Plaintiff, on behalf of the California Sub-Class, requests all such
8  relief that this Court deems appropriate pursuant to Labor Code § 226.

9                          **PRAYER FOR RELIEF**

10      WHEREFORE, Plaintiff prays for:

11      A.    An Order designating Nationwide Class as a class action pursuant to Federal
12  Rule of Civil Procedure 23;

13      B.    An Order designating the California Sub-Class as a class action pursuant to
14  Federal Rule of Civil Procedure 23;

15      C.    An Order appointing Plaintiff and his counsel to represent the Class;

16      D.    For compensatory damages directly and proximately resulting from Defendant's
17  breach of contract;

18      E.    For penalties as a result of Defendant's violations of Labor Code §§ 201-202,
19  226 and 1174;

20      F.    Prejudgment interest;

21      G.    An Order awarding attorneys' fees and costs; and,

22      H.    For all other relief as the Court deems just.

23  Dated: June ____, 2013                 **WYNNE LAW FIRM**

24

25                                  By:_____
26                                      Edward J. Wynne
                                        100 Drakes Landing Road, Suite 275
27                                      Greenbrae, CA 94904
                                        Telephone: 415-461-6400
28                                      Facsimile: 415-461-3900
                                        *Counsel for Plaintiff*