WYNNE LAW FIRM
Edward J. Wynne       (SBN 165819)
ewynne@wynnelawfirm.com
J.E.B. Pickett            (SBN 154294)
jebpickett@wynnelawfirm.com
100 Drakes Landing Road Ste. 275
Greenbrae, CA 94904
Telephone: 415-461-6400
Facsimile: 415-461-3900

DICKINSON WRIGHT PLLC
Pro Hac Vice
Peter F. Klett, Esq. (Tenn. Bar No. 12688)
pklett@dickinsonwright.com
424 Church Street, Suite 1401
Nashville, Tennessee  37219
Telephone: 615-244-6538
Facsimile: 615-256-8386

Attorneys for Plaintiff
HECTOR SARINANA

SEYFARTH SHAW LLP
Catherine M. Dacre (SBN 141988)
cdacre@seyfarth.com
Eric E. Hill (SBN 173247)
ehill@seyfarth.com
560 Mission St., 31st Fl.
San Francisco, CA 94105
Telephone: 415-397-2823
Facsimile: 415-397-8549

Attorneys for Defendant
DS WATERS OF AMERICA, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR SARINANA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DS WATERS OF AMERICA, INC.,<br><br>Defendant. | Case No.  3:13-cv-00905-EMC<br><br>**STIPULATION AND [PROPOSED] ORDER RE: FIRST AMENDED COMPLAINT**<br><br>[CLASS ACTION] |

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA  94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
C-13-0905 EMC

1   Hector Sarinana ("Plaintiff") on behalf of himself and all others similarly situated, and
2   defendant DS Waters of America, Inc. ("Defendant") stipulate as follows:

3   **RECITALS**

4   WHEREAS, on June 11, 2013, Defendant's Motion for Transfer came on for hearing
5   and the Court continued the matter for the parties to resolve whether Plaintiff would file a
6   Motion to Amend the Complaint or to stipulate to the proposed amendment;

7   WHEREAS, Plaintiff has provided the proposed First Amended Complaint to
8   Defendant and Defendant stipulates to the filing of the proposed First Amended Complaint.

9   **STIPULATION**

10   Defendant hereby stipulates to the filing of Plaintiff's proposed First Amended
11   Complaint marked and attached hereto.

13   Dated:  June 25, 2013        WYNNE LAW FIRM
                                  DICKINSON WRIGHT PLLC

15                                  /s/
                                  Edward J. Wynne
16                                Peter F. Klett
                                  Attorneys for Plaintiff
17                                HECTOR SARINANA

19   Dated:  June 25, 2013        SEYFARTH SHAW LLP

20                                  /s/
21                                Eric E. Hill
                                  Attorneys for Defendant
22                                DS WATERS OF AMERICA, INC.

WYNNE LAW FIRM
100 DRAKES LANDING ROAD
SUITE 275
GREENBRAE, CA  94904
(415) 461-6400
WWW.WYNNELAWFIRM.COM

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
C-13-0905 EMC

1 **ORDER**

2    Good cause having been shown, the Court approves the stipulation between the parties
3 and permits Plaintiff to file the First Amended Complaint attached hereto.  Defendant will have
4 been deemed served with the First Amended Complaint upon entry of this order.

6 Dated:  6/26 , 2013



Hon. Edward M. Chen
United States District Judge

IT IS SO ORDERED
Judge Edward M. Chen

# EXHIBIT 1

WYNNE LAW FIRM
Edward J. Wynne      (SBN 165819)
ewynne@wynnelawfirm.com
J.E.B. Pickett           (SBN 154294)
jebpickett@wynnelawfirm.com
100 Drakes Landing Road Ste. 275
Greenbrae, CA 94904
Telephone: 415-461-6400
Facsimile: 415-461-3900

DICKINSON WRIGHT PLLC
Pro Hac Vice
Peter F. Klett, Esq. (Tenn. Bar No. 12688)
pklett@dickinsonwright.com
424 Church Street, Suite 1401
Nashville, Tennessee  37219
Telephone: 615-244-6538
Facsimile: 615-256-8386

Attorneys for Plaintiff
HECTOR SARINANA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR SARINANA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DS WATERS OF AMERICA, INC.,<br><br>Defendant. | Case No.  3:13-cv-00905-EMC<br><br>**FIRST AMENDED COMPLAINT**<br>**1.  Common Law Breach of Contract**<br>**2  Waiting Time Penalties, Calif. Labor Code § 203**<br>**3.  Penalties, Calif. Labor Code § 226**<br><br>[CLASS ACTION] |

Hector Sarinana ("Plaintiff") on behalf of himself and all others similarly situated, alleges as follows:

## INTRODUCTION

1. This is a breach of contract action brought on behalf of a nationwide class

1  consisting of all current and former overtime and incentive eligible employees whose incentive
2  payments were not included in their overtime compensation who are, or were employed by DS
3  Waters of America, Inc. or its parent, subsidiaries, divisions, related or successor companies
4  ("DS Waters," or "Defendant"), during the applicable statutory coverage period beginning from
5  the time this action was originally filed until the time the action is certified as a class action.

6      2.    Plaintiff also brings this action as a state-wide sub-class action on behalf of all
7  current and former overtime and incentive eligible employees whose overtime compensation
8  was not properly calculated, who are, or were employed by Defendant within the State of
9  California during the statutory coverage of a breach of contract claim from the time this action
10  was originally filed to the time the action is certified as a class action, who are entitled to
11  penalties due to Defendant's violations of Labor Code §§ 201-202, and 226.

12      3.    Plaintiff is unaware of the names and capacities of all defendants who may have
13  caused or contributed to the harms complained of herein, but will seek leave to amend this
14  complaint once their identities become known to Plaintiff.  Upon information and belief,
15  Plaintiff alleges that at all relevant times each defendant was the officer, director, employee,
16  agent, representative, alter ego, co-employer, or co-conspirator of each of the other defendants,
17  and has engaged in the conduct alleged herein was in the course and scope of and in
18  furtherance of such relationship.

19      4.    The Nationwide Class and the California Sub-Class are hereafter collectively
20  referred to as the "Class."

21      5.    The individual members of the Class are hereafter collectively referred to as the
22  "Class Members."

23      6.    Plaintiff alleges on behalf of the Nationwide Class who do not opt-out of this
24  action that they are entitled to unpaid wages from Defendant for overtime work for which they
25  did not receive all of their overtime premium pay.

26      7.    Plaintiff alleges on behalf of the California Sub-Class who do not opt-out that
27  they are: (a) entitled to penalties for failing to properly and timely pay all wages due and owing
28  at time of termination; and, (b) entitled to penalties for failing to retain and provide accurate

1  records of wages earned by Plaintiff and the California Sub-Class.

2      8.    Each of the foregoing acts is in contravention of applicable employment laws.

## JURISDICTION AND VENUE

4      9.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

5      10.    Venue is proper pursuant to 28 U.S.C. § 1391 as Defendant is subject to personal jurisdiction in this district because it does business in this judicial district. Defendant has not designated a principal place of business in California.

## PARTIES

11.    Plaintiff Hector Sarinana is a resident of the State of California and was employed by Defendant as a Route Sales Representative during the statutory time period covered by this Complaint. Mr. Sarinana was an overtime and incentive eligible employee of the Defendant and is a member of the proposed Class.

12.    At all relevant times during the applicable class period, Defendant DS Waters of America, Inc. (DS Waters) is a privately-owned U.S. operated company with its principal place of business in Atlanta, Georgia. DS Waters is in the business of offering bottled water, brewed coffee and tea beverages and related equipment, break room supplies, and equipment and services for water filtration systems. DS Waters' products are produced at 28 company-managed production facilities, 10 supplier-managed facilities and delivered to over a million home, office, restaurants, food service organizations, convenience stores, and retail locations across the U.S. and in this judicial district. DS Waters' bottled water products are sold under the brand names Alhambra®, Athena®, Belmont Springs®, Crystal Springs®, Deep Rock®, Hinckley Springs®, Kentwood Springs®, Mount Olympus®, Nursery® Water, Sierra Springs®, and Sparkletts®. DS Waters also delivers brewed coffee and tea beverages, breakroom supplies under the Standard Coffee®, and Javarama® brands. DS Waters provides water filtration systems under the brands StanGuard Quality Water Assurance™ and MyUtapia®, as well as equipment and services under the Relyant Coffee Equipment Services™ brand. The company's bottled water product offerings include three and five gallon returnable bottles, one gallon, two-and-a-half gallon and single-serve bottles. DS Waters also

1  offers brewing systems for coffees and teas, as well as bottled water coolers and water filtration
2  units.

3       13.    Defendant operates nationwide and does business within this judicial district.
4  Defendant employs and has employed, upon information and belief, over 500 hundred overtime
5  and incentive eligible employees in the State of California at any one time and Plaintiff
6  estimates the Nationwide Class to be well in excess of the size of the estimated California Class
7  during the relevant statute of limitations periods.

8                           **FACTUAL ALLEGATIONS**

9        14.   As a condition of employment, Defendant informed Plaintiff and the Class that
10 their positions were overtime eligible positions and they would be paid overtime compensation
11 for overtime hours worked in accordance with state and federal law.  More specifically,
12 Defendant informed Plaintiff and the Class that they would receive a premium rate of pay equal
13 to one and one-half times their regular or base rate which included all remuneration earned.

14       15.   Plaintiff held the title "Route Sales Representative," was designated as
15 nonexempt, and paid an hourly or base rate of pay for all hours worked.  Plaintiff is informed
16 and believes and thereon alleges that Defendant employed other overtime and incentive eligible
17 positions such as "Route Sales Specialist."

18       16.   Defendant informed Plaintiff and the Class that they were eligible to earn
19 production-based commissions and incentives for, *inter alia,* the amount of water products
20 delivered, new accounts opened up, and coffee products delivered.  Defendant informed and
21 promised Plaintiff and the Class that they would be paid overtime compensation on the
22 commissions and incentive payments they earned for overtime hours worked in accordance
23 with state and federal law.

24       17.   During his tenure with Defendant, Plaintiff and the Class worked overtime hours
25 and also earned commissions and incentive compensation.  In order to keep track of their hours,
26 Plaintiff and the Class were required to keep accurate records of the hours they worked.

27       18.   Notwithstanding its promise to pay Plaintiff and the Class in accordance with
28 state and federal law, Defendant failed to include all remuneration Plaintiff and the Class

1 earned in their premium rates in calculating their overtime compensation.  As a result, Plaintiff
2 and the Class were not paid all of their wages that are due and owing.

3     19. The wage statements Defendant provides to its overtime and incentive eligible
4 employees fail to accurately state the regular and premium rates upon which the employees are
5 paid.

6     20. Evidence reflecting the precise number of overtime hours worked by Plaintiff
7 and every other member of the Class, as well as the applicable compensation rates, is in the
8 possession of Defendant.

9     21. Defendant has a centralized administration for payroll where Defendant
10 calculates the regular and premium rates of pay for all of the Class Members.

## CLASS ACTION ALLEGATIONS

12     22. Plaintiff brings this action on behalf of the Nationwide Class and a California
13 Sub-Class pursuant to pursuant to Federal Rule of Civil Procedure 23.

14     23. The members of the classes are so numerous that joinder of all members is
15 impracticable.  The exact number of the members of the classes can be determined by
16 reviewing Defendant's records.  Plaintiff is informed and believes and thereon alleges that there
17 are thousands of individuals in the Nationwide Class.

18     24. Plaintiff will fairly and adequately protect the interests of the Class and has
19 retained counsel that are experienced and competent in class action and employment litigation.
20 Plaintiff has no interests that are contrary to, or in conflict with, other class members.

21     25. A class action suit, such as the instant one, is superior to other available means
22 for fair and efficient adjudication of this lawsuit.  The damages suffered by individual members
23 of the Class may be relatively small when compared to the expense and burden of litigation,
24 making it virtually impossible for members of the Class to individually seek redress for the
25 wrongs done to them.

26     26. A class action is, therefore, superior to other available methods for the fair and
27 efficient adjudication of the controversy.  Absent these actions, the class members likely will
28 not obtain redress of their injuries, and Defendant will retain the proceeds of its breach of

1  contract by its failure to follow federal and state law.

2      27.    Even if any individual class member could afford individual litigation against

3  Defendant, it would be unduly burdensome to the judicial system.  Concentrating this litigation

4  in one forum will promote judicial economy and parity among the claims of individual

5  members of the Class and provide for judicial consistency.

6      28.    There is a well-defined community of interest in the questions of law and fact

7  affecting the Class as a whole.  Questions of law and fact common to each of the Class

8  predominate over any questions affecting solely individual members of the action.  The

9  predominant common questions of law and fact for the Nationwide Class is whether, as

10  required by the parties' agreement, Defendant is required to include all forms and

11  remuneration, including production-based commissions and incentive in the Class Members'

12  regular rate of pay and whether Defendant did so with respect to Plaintiff and the Class

13  Members.  The answer to this predominant common question is equally applicable to all Class

14  Members and an answer to that will drive resolution of the litigation.

15      29.    Pursuant to Fed. R. Civ. Pro. 23(a) and (b), Plaintiff seeks to prosecute these

16  claims as a class action on behalf of:

> All current and former overtime and incentive eligible employees whose incentive payments were not included in their overtime compensation who worked for Defendant at any time in the United States of America during the statutory coverage of a breach of contract claim from the time this action was originally filed to the time the action is certified as a class action.

    30.    Notice of the pendency and any resolution of this action can be provided to Nationwide Class by mail, print, and/or internet publication.

    31.    Plaintiff also alleges a California Sub-Class pursuant to Federal Rule of Civil Procedure 23(a) and (b) of on behalf of himself and the following persons similarly situated:

> All current and former overtime and incentive eligible employees whose incentive payments were not included in their overtime compensation who worked for Defendant at any time in the state of California during the statutory coverage of a breach of contract claim from the time this action was originally filed to the time the

            action is certified as a class action who are entitled to penalties due to Defendant's violations of Labor Code §§ 201-202, and 226.

32. In addition to the predominant common issues of fact and law described above, the California Sub-Class Members have numerous other common issues of fact and law, including whether Defendant: (a) failed to maintain and provide members of the California Class with accurate and detailed records of wages earned, pursuant to California Labor Code § 226 and 1174; and (b) failed to timely and properly pay California Sub-Class members all wages at time of termination pursuant to Labor Code § 201-203.

## COUNT ONE

(Common Law Breach of Contract)

33. Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

34. Plaintiff brings this cause of action for common law breach of contract on behalf of himself and all other members of the Nationwide Class.

35. As part of the terms and conditions of employment, it was agreed that Defendant may require overtime work from the Plaintiff and the Class Members.  It was agreed and understood that Plaintiff and the Class Members were expected to work overtime as assigned and/or required.  It was further agreed and understood that Plaintiff and the Class Members would be paid premium wage in accordance with all state and federal laws.

36. State and federal laws require that all production-based commissions and incentive payments be included in the regular rate for calculating overtime compensation.

37. In consideration for being paid in accordance with state and federal laws, Plaintiff and the Class agreed to perform their duties and responsibilities.  Plaintiff and the Class performed their duties and responsibilities.

38. Defendant failed to include all remuneration when calculating the regular rate of pay in order to properly pay the overtime premium rate for Plaintiff and for all Class Members. More specifically, Defendant failed to include all production-based commissions and incentive

1 pay in the regular rate paid to Plaintiff and the Class Members.

2   39.   Defendant's failure to include all remuneration earned by Plaintiff and the Class
3 in their regular rate for overtime hours worked was a breach of its agreement with Plaintiff and
4 the Class Members.

5   40.   Defendant's breach of its agreement resulted in Plaintiff and the Class being
6 paid less than what Defendant had promised thereby causing Plaintiff and the Class to be
7 damaged thereby.

## COUNT TWO

(Waiting Time Penalties, California Labor Code § 203)

10   41.   Plaintiff incorporates the allegations contained in the previous paragraphs of this
11 Complaint as if fully set forth herein.

12   42.   Plaintiff brings this cause of action for waiting time penalties pursuant to
13 California Labor Code § 203 on behalf of himself and all other members of the California Sub-
14 Class.

15   43.   Defendant willfully and intentionally failed to pay Plaintiff and the other
16 members of the California Sub-Class, who are no longer employed by Defendant, all the wages
17 they were due and/or by the deadlines imposed under Labor Code §§ 201 and 202 upon
18 cessation of the Class Members' employment with Defendant.  Plaintiff and the other members
19 of the California Sub-Class did not secret or absent themselves from Defendant nor refuse to
20 accept the earned and unpaid wages from Defendant.  Accordingly, Plaintiff and members of
21 the California Sub-Class no longer employed by Defendant are entitled to waiting time
22 penalties per Labor Code § 203 of up to thirty (30) days' pay, in an amount to be proven at
23 trial.

## COUNT THREE

(Penalties, California Labor Code § 226)

26   44.   Plaintiff incorporates the allegations contained in the previous paragraphs of this
27 Complaint as if fully set forth herein.

28   45.   Plaintiff brings this cause of action for penalties pursuant to California Labor

1 Code § 226 on behalf of himself and all other members of the California Sub- Class.

2     46.    Due to Defendant's failure to properly calculate the regular and premium rates of Class Members and its failure to set forth the actual regular and premium rates on each class member's payroll statements, Defendant has knowingly and intentionally failed to provide Plaintiff and members of the California Sub-Class with accurate and detailed records of wages earned and hourly rates required by Labor Code § 226(a).

    47.    Therefore, Plaintiff, on behalf of the California Sub-Class, requests all such relief that this Court deems appropriate pursuant to Labor Code § 226.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for:

A.    An Order designating Nationwide Class as a class action pursuant to Federal Rule of Civil Procedure 23;

B.    An Order designating the California Sub-Class as a class action pursuant to Federal Rule of Civil Procedure 23;

C.    An Order appointing Plaintiff and his counsel to represent the Class;

D.    For compensatory damages directly and proximately resulting from Defendant's breach of contract;

E.    For penalties as a result of Defendant's violations of Labor Code §§ 201-202, 226 and 1174;

F.    Prejudgment interest;

G.    An Order awarding attorneys' fees and costs; and,

H.    For all other relief as the Court deems just.

Dated:  June ____, 2013    **WYNNE LAW FIRM**

By:_____
    Edward J. Wynne
    100 Drakes Landing Road, Suite 275
    Greenbrae, CA 94904
    Telephone: 415-461-6400
    Facsimile: 415-461-3900
    *Counsel for Plaintiff*