UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR SARINANA, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>DS WATERS OF AMERICA, INC.,<br><br>    Defendant.<br>_____/ | No. C-13-0905 EMC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE**<br><br>**(Docket No. 18)** |

## I. INTRODUCTION

Pending before the Court is Defendant's motion to transfer venue of this case to the Central District of California. Plaintiff originally brought this putative class action alleging claims under the Fair Labor Standards Act ("FLSA") and various provisions of the California Labor Code. Plaintiff alleged that Defendant had failed to properly pay overtime to both nationwide and California classes comprised of Defendant's current and former Route Sales Representatives, Coffee Route Sales Representatives, and others doing functionally equivalent work. On June 26, 2013, after the hearing on this motion, Plaintiff amended his complaint to drop the original claims under the FLSA and most of the claims under the California Labor Code; the amended complaint brings only a breach of contract claim and a claim for waiting time penalties under California Labor Code § 203. Docket No. 45.

Also on June 26, 2013, Defendant filed a supplemental brief without leave of Court, arguing that transfer was justified even in light of the changes in the amended complaint. Docket No. 46. Plaintiff subsequently filed an objection to the unauthorized filing, and requested that the Court

strike Defendant's unauthorized supplemental brief, and in the alternative requesting the opportunity to respond to the arguments raised therein. Docket No. 47. As the Court finds transfer inappropriate even after considering the arguments in Defendant's supplemental brief, it denies Plaintiff's motion to strike and request to file supplemental briefing as moot.

## II. DISCUSSION

28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In the instant case, Defendant seeks a transfer to the Central District of California. Plaintiffs do not argue that the Central District of California is a district where their action could not have been brought. Accordingly, the only question is whether this Court should transfer the action for the convenience of parties and witnesses, and in the interest of justice.

A district court has discretion in deciding whether or not to transfer a case. *See Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir.2007) (stating that a "district court's decision to change venue is reviewed for abuse of discretion"; adding that "'[w]eighing of the factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge'"). The party seeking transfer has the burden of showing that transfer is appropriate. *See Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir.1979). The Ninth Circuit has noted that, in exercising its discretion, a court may consider factors such as:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. Additionally, the presence of a forum selection clause is a "significant factor" . . . .

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir.2000); *see also Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.1986) (discussing private and public factors affecting the convenience of a forum).

Consistent with the above, courts in this district have commonly articulated the relevant factors as:

> (1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum.

*Vu v. Ortho–Mcneil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal.2009). In this case, factors five and six are inapplicable, as both courts are in California, and there are no other claims with which this case could be consolidated.

While a plaintiff's choice of forum is generally accorded significant deference, the weight accorded to the plaintiff's choice is decreased in cases where the action is brought as a class action. *See Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir.1987). Furthermore, "[t]he weight given to the plaintiff's choice of forum diminishes when the plaintiff resides outside the chosen forum." *Lopez v. Chertoff*, No. C–06–5000 RMW, 2007 WL 2113494, at *2 (N.D. Cal. July 20, 2007); *see also Gemini Capital Group v. Yap Fishing Corp.*, 150 F.3d 1088, 1091 (9th Cir.1998) (stating that "the district court correctly acted on Ninth Circuit authority in granting Plaintiffs' choice of Hawaii as a forum less deference" where, inter alia, none of them were Hawaii residents); *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1107 (N.D. Cal. 2001) ("The policy behind not deferring to a nonresident plaintiff's choice of venue appears tied to the notion that plaintiffs should be discouraged from forum shopping."). Here, Plaintiff is bringing a class action, and does not reside in this district. His choice of forum is thus entitled to little deference.

On the other hand, Defendant has identified no factor that clearly favors transfer to the Central District of California. Defendant has its principal place of business in Atlanta, Georgia, and has offices across the nation. While Defendant's presence in the Central District is larger than its presence in this District in terms of number of offices and employees, Defendant's presence in Northern California is not insignificant. The convenience of the parties is thus a largely neutral factor. Similarly, ease of access to evidence is neutral, given the availability of digital records.

3

Local interest in the controversy is also neutral, since there are putative class members living and working in both Districts. The Central District is not appreciably less congested than this District.

Defendant has provided some evidence that there are party and non-party witnesses located in the Central District. These witnesses would testify about local office practices that are relevant to various affirmative defenses. However, the parties dispute whether these affirmative defenses are relevant in light of the fact that Plaintiff has dropped the claims alleging that the putative class members were entitled to overtime as non-exempt employees under the FLSA and the California Labor Code. Even assuming the affirmative defenses are still relevant to the breach of contract claim, Defendant has failed to show that the convenience of witnesses favors a transfer. Since Defendant has provided some evidence that the relevant practices vary based on local office, Defendant will need to provide evidence from out-of-district local offices regardless of where this case is litigated. Any added convenience from transferring the case to the Central District is thus minimal.

Finally, Defendant argues that the convenience of witnesses justifies transfer as there are witnesses in the Central District who will offer testimony relevant to the question of whether Plaintiff is an adequate class representative. Plaintiff worked for Defendant in the Central District, and witnesses with knowledge of his work performance and the circumstances of his termination apparently reside in that District. Defendant represents that Plaintiff was terminated after failing a drug test, but offers no explanation for why the circumstances of Plaintiff's termination would affect his eligibility for overtime under the terms of his employment contract or his adequacy as a class representative. Even assuming, arguendo, that Plaintiff's termination has some bearing on his adequacy as a class representative, it is not at all clear that witnesses with knowledge of his termination would be required to provide live testimony rather than providing evidence in support of an appropriate motion via deposition or declaration. As any issues of Plaintiff's adequacy would be resolved through pre-trial motions, there is no indication that such witnesses would be required to testify at trial. In any case, any witnesses regarding Plaintiff's adequacy as a class representative would likely be small in number when considered in the overall pool of witnesses who, as discussed

4

above, will likely be drawn largely from out-of-district regardless of where the trial is held. Defendant has thus failed to show that the convenience of witnesses justifies transfer.

### III. CONCLUSION

Though Plaintiff's choice of forum is entitled to little deference, Defendant has failed to identify any factor that clearly favors transfer of this case. Defendant has thus not met its burden of showing that transfer is appropriate under 28 U.S.C. § 1404(a). Defendant's motion to transfer is therefore **DENIED.**

This order disposes of Docket No. 18.

IT IS SO ORDERED.

Dated: July 9, 2013

_____
EDWARD M. CHEN
United States District Judge