SEYFARTH SHAW LLP
Catherine M. Dacre (SBN 141988)
cdacre@seyfarth.com
Eric Hill (SBN 173247)
ehill@seyfarth.com
Emily E. Barker (SBN 275166)
ebarker@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:  (415) 397-2823
Facsimile:  (415) 397-8549

Attorneys for Defendant
DS WATERS OF AMERICA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR SARINANA, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DS WATERS OF AMERICA, INC., inclusive,<br><br>Defendant. | Case No. CV 13-00905 EMC<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |

    In order to protect the confidentiality of confidential, proprietary, privileged and/or trade secret information obtained by the parties in connection with this case, Plaintiff Hector Sarinana ("Sarinana" or "Plaintiff") and Defendant DS Waters of America, Inc. ("DSW" or "Defendant") (collectively the "Parties") hereby stipulate that:

    1.    Discovery may involve disclosure of proprietary or confidential information, and/or trade secrets entitled to confidential treatment. This Protective Order shall govern the production in this action of all documents or other information through formal discovery procedures or through the informal exchange of documents or information, including without limitation, pre-discovery disclosures, documents in written or electronic form produced in response to requests for production of documents, answers to interrogatories, requests for

admission, deposition or other oral testimony and disclosures (collectively "Discovery Materials").

2. The provisions of this Protective Order shall apply to (i) the parties to this action, including, in the case of parties other than individuals, their officers, directors, partners, in-house counsel and employees, (ii) counsel of record in this action, as well as associates, paralegals, legal assistants, secretarial and clerical employees, including outside copy services, who are assisting counsel in the prosecution and/or defense of this action, and (iii) any other person (or entity) who produces or provides Discovery Materials in this action and who agrees to be bound by the terms of this Protective Order.

3. Any party or witness producing Discovery Materials which that party or witness believes in good faith are (i) unavailable to the public and contain confidential or trade secret information the disclosure of which would cause harm to its business operations or privacy interest, or (ii) entitled to protection under Federal Rule of Civil Procedure 26(c), may designate such Discovery Materials as "CONFIDENTIAL."

4. A producing party or witness may designate as "CONFIDENTIAL" in whole or in part, any Discovery Materials by so advising all other parties and marking any copies of the document or material provided (in a manner not affecting legibility) with the word "CONFIDENTIAL." Any party or non-party may obtain confidential treatment for Discovery Materials previously produced by any party or non-party without such designation if the party seeking the designation sends written notice of such designation to all other parties or non-parties in possession of such Discovery Materials, and marks and reproduces the Discovery Materials.

5. Discovery Materials shall not be disclosed except in accordance with the terms, conditions, and restrictions of this Protective Order. A non-producing party shall not, except by written consent of the producing party or witness, use "CONFIDENTIAL" Discovery Materials for any purpose, including, without limitation, any business or commercial purpose, other than in connection with the prosecution and/or defense of this action.

6. A non-producing party shall not, without the consent of the producing party or witness, disclose "CONFIDENTIAL" Discovery Materials to persons other than the following

and, as to such persons, disclosure shall be limited to the extent reasonably necessary for the prosecution and/or defense of this action:

    (a)    Counsel of record in this action, as well as associates, paralegals, legal assistants, secretarial and clerical employees, including outside copy services, who are assisting counsel in the prosecution and/or defense of this action;

    (b)    The parties' in-house counsel who are assisting in the prosecution and/or defense of this action;

    (c)    The named parties in this action and employees, officers, and directors of named parties;

    (d)    Any expert retained or consulted in connection with the prosecution and/or defense of this action;

    (e)    Any non-party deponents or witnesses at depositions or hearings, as reasonably necessary to give their testimony;

    (f)    Court reporters and stenographers; and

    (g)    The Court and any persons employed in the Court whose duties require access to "CONFIDENTIAL" Discovery Materials.

    7.    Whenever possible, the lawyer defending a deposition or other oral testimony involving "CONFIDENTIAL" Discovery Materials shall affirmatively designate that testimony with the appropriate category of designation on the record. A party or the witness may also make such a designation after transcription by giving written notice identifying the information to be so designated by page and line number(s) to counsel of record within sixty (60) days from the date they receive a copy of the transcript.

    8.    Any party may object to the designation of particular Discovery Materials as "CONFIDENTIAL" by giving written notice to the party or witness making the designation and to all other parties. Such notice shall identify with reasonable specificity the Discovery Materials to which the objection is directed and the basis for the objection. The parties shall attempt to resolve any such dispute by meeting and conferring. In the event the dispute cannot be resolved, it shall be the obligation of the party objecting to the designation to file an

appropriate motion requesting a ruling by the Court that the disputed Discovery Materials not be designated "CONFIDENTIAL." The motion must be brought under regular and proper notice and must be heard by the last date to hear all discovery motions prior to trial. The disputed Discovery Materials shall continue to be treated as "CONFIDENTIAL" pending a ruling from the Court.

9. If any non-designating party intends to file or lodge with any court or adjudicative body any document designated as "CONFIDENTIAL" or any document containing information from Discovery Materials bearing such a designation, pursuant to this Order, Local Rule 79-5 shall apply.

10. Within sixty (60) days of the conclusion of this action, all "CONFIDENTIAL" Discovery Materials, including any summaries and copies thereof, shall be returned to the producing or providing party or witness to be destroyed upon written request of the producing party.

11. This Protective Order may be modified by written stipulation signed by the parties or counsel or by order of the Court. Nothing in this Protective Order shall prohibit a party from seeking or receiving further protection of confidential information by stipulation, by application to the Court upon notice, or upon other order of the Court, or from seeking other or additional protective orders.

12. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object hereto, shall be construed as a waiver of any claim or defense in this action. This Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any party or witness of the obligation to produce information sought in the course of discovery. The production or provision of Discovery Materials subject to this Protective Order shall not constitute an admission as to the admissibility at trial of any Discovery Material.

13. The Court may impose any sanction for violations of this Protective Order which it is empowered to impose for violations of its orders generally.

1
2   Dated: ~~August~~ Sept. 5, 2013          Respectfully submitted,

3                                            SEYFARTH SHAW LLP

4
5                                            By_____
                                                  Eric E. Hill
6                                            Attorneys for Defendant
                                             DS Waters of America, Inc.
7
8   Dated: ~~August~~ September 3, 2013

9                                            WYNNE LAW FIRM

10
                                             By_____
11                                                Edward J. Wynne
                                             Attorneys for Plaintiff
12                                           Hector Sarinana

## ORDER

GOOD CAUSE APPEARING, it is hereby ORDERED that all parties to this action and their counsel comply with the provisions of the Parties' Stipulated Protective Order Regarding Confidential Information.

IT IS SO ORDERED.

Dated: 1/6/14



6