United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR SARINANA, | No. C-13-0905 EMC |
| Plaintiff, | |
| v. | **ORDER RE SUPPLEMENTAL BRIEFING** |
| DS WATERS OF AMERICA, INC., | |
| Defendant(s). | **(Docket No. 67)** |

The Court has reviewed Plaintiffs' motion for preliminary approval.[1] Having reviewed the motion, the Court hereby orders the parties to provide a joint supplemental brief regarding the following issues. **The supplemental briefing shall be filed no later than June 16, 2014.**

1. Settlement Class

The parties should explain whether the settlement class is different from the putative classes as set forth in the *Sarinana* and *Haley* complaints and, if so, why.

2. Total Potential Recovery

It is not clear whether the chart on page 17 of the motion represents the total potential recovery in the case if Plaintiffs were to prevail on each of their claims. Plaintiffs should clarify what the potential recovery would be on *each* claim assuming that they were to prevail (*e.g.*,

---

[1] Although there is only one named plaintiff in the pending case, the proposed settlement would resolve not only the claims presented herein but also the claims presented in a related action currently pending in the Central District of California (hereinafter *Haley*). Accordingly, the Court uses the term "Plaintiffs" to refer to both the plaintiff in this action and the plaintiff in the *Haley* action.

minimum wage, overtime, meal period, wage statement). Plaintiffs should also give some explanation as to how the potential recovery is calculated for each claim. For example, if Plaintiffs claim that their expert estimated the wage statement claim to be worth $1.4 million, *see* Klett Decl., Ex. 3 (chart), they should describe how the expert arrived at that figure consistent with the California Labor Code. *See* Cal. Lab. Code § 226(e) (providing that an employee "is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of $4,000").

3. <u>Apportionment of Net Settlement Fund</u>

On page 17 of the motion, the chart indicates that 17% of the net settlement fund will go toward the wage claims of California employees and 9% of the settlement fund will go toward the wage claims of non-California employees. The parties should explain how they arrived at this apportionment.

As part of this explanation, the parties should address (1) what are the wage claims of the California employees and (2) what are the wage claims of the non-California employees. The parties should also discuss whether there are material differences between the two sets of claims. For example, even if the wage claims of the California employees are based on both California and federal law, while the wage claims of the non-California employees are based on federal law only, are all employees' claims still based on the same underlying set of facts (*e.g.*, failure to pay minimum wage, overtime, meal period)?

4. <u>Attorney's Fees</u>

Plaintiffs are asking for a fee award of 33% of the total settlement fund. Plaintiffs should provide specific, non-conclusory information as to why a departure from the 25% benchmark is appropriate (*e.g.*, how the issues in this case were particularly difficult, complex, or novel). *See, e.g.*, *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047-48 (9th Cir. 2002). In addition, Plaintiffs should provide information as to the lodestar claimed – *i.e.*, the number of hours incurred in the case and the hourly rates claimed.

The parties should also ensure that the fee motion is filed and available on the Class Administrator's website (see below) at least twenty-one (21) days before objections to the proposed settlement are due.

5. <u>Alternatives to the Claims Process</u>

Although the Court appreciates that there is no reverter in this case, it still has some concern regarding the use of a claims process (which will likely lower the response rate). Accordingly, the parties should discuss whether they considered an alternative to use of a claims process and why they rejected any such alternative.

The Court acknowledges that the FLSA claims require an opt-in. However, to accommodate that requirement, the parties could still issue checks to the putative class – *e.g.*, on the back of the check, a statement could be printed stating that signing and cashing the check shall be construed as an opt-in for purposes of the FLSA.

6. <u>Responses to Objections from Class Members</u>

If the parties have any responses to objections from class members, the parties should file their responses fourteen (14) days before the hearing, not ten (10) days as proposed in the Settlement Agreement.

7. <u>CAFA Notice</u>

The parties should address whether CAFA notice is required, and if so, when it will be given. *See* 28 U.S.C. § 1715(b).

8. <u>Advance Notice</u>

Section 11(f) of the Settlement Agreement provides that, "[p]rior to the time the Class Notices are mailed, the Parties agree Defendant may send a notice to some or all of the Settlement Class Members who are current employees notifying them of the settlement and the fact they will be receiving a class notice from the Claims Administrator. The proposed notice is attached hereto as Exhibit B." Klett Decl., Ex. 1 (Sett. Agreement § 11(f)).

No Exhibit B is on file with the Court. **The parties should file this document with the Court immediately.** In their joint supplemental brief, the parties should explain why the "advance notice" is necessary in this case.

3

9.     Notice by Email

The parties should address whether email notice to the class is feasible. *See* http://cand.uscourts.gov/ClassActionSettlementGuidance.

10.    Class Notice

   a.    Case Numbers

The parties should include both case names and numbers, *Sarinana v. DS Waters of America, Inc.*, C-13-0905 EMC (N.D. Cal.) and *Haley v. DS Waters of America, Inc.*, C-13-7891 DDP (C.D. Cal.), in the notice. Currently, they only include the case names.

   b.    Average Payout to Each Class Member Listed in Notice

At the beginning of the class notice, the parties should state what they expect the average payout will be for each class member. This figure should be bolded.

   c.    Contact Information for the Claims Administrator

The parties should provide additional contact information for the Claims Administrator – *e.g.*, an e-mail address and a fax number.

   d.    Website

It appears that, under the parties' agreement with the Claims Administrator, the Claims Administrator will "[e]stablish and maintain the case website that will contain relevant case documents, important dates, and frequently asked questions[.]" Klett Decl., Ex. 9 (Letter at 1). However, the class notice does not mention any website. *See* Prop. Class Notice § 5. The parties should include a reference to and description of the website in the class notice. *See* http://cand.uscourts.gov/ClassActionSettlementGuidance (providing suggested language).

   e.    Class Members' Options

Section IV lays out the options for class members (*e.g.*, to be a part of the settlement or to exclude themselves). Section IV.D, as written, is confusing because it does not make clear that a class member who objects (1) is still a part of the settlement (*i.e.*, no exclusion) for the non-FLSA claims and (2) must still submit a claim form in order to be compensated.

///

///

f. <u>Sending Objections to Counsel</u>

Section IV.D requires putative class members to send objections to both the Claims Administrator and to counsel for the parties. This Court's preference is for written objections to be sent only to the Class Action Clerk. *See* http://cand.uscourts.gov/ClassActionSettlementGuidance.

g. <u>Release of Claims</u>

Section IV.E, as written, is confusing. The section should separately address release of claims by the California Class and release of claims by the FLSA Collective Class. For the California class, the release should make a distinction between the FLSA claims and the non-FLSA claims (*e.g.*, opting in is necessary for release of the FLSA claims but there is automatically a release of the non-FLSA claims unless a class member opts out).

h. <u>Final Settlement Approval Hearing</u>

Section VII of the notice should include a reference to the seventeenth floor (*i.e.*, where the courtroom is located). The notice should also state that the hearing date may change without further notice to the class and advise putative class members to check the website or PACER to confirm the date has not been changed.

IT IS SO ORDERED.

Dated: June 9, 2014

_____
EDWARD M. CHEN
United States District Judge

5