**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR SARINANA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DS WATERS OF AMERICA, INC.,<br><br>　　　　Defendant.<br>_____/<br>ARJAY HALEY, etc.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DS WATERS OF AMERICA, INC., et al.,<br><br>　　　　Defendants.<br>_____/ | No. C-13-0905 EMC<br><br>Related Case:<br>No. C-14-2996 EMC<br><br>**ORDER MODIFYING SEPTEMBER 5, 2014 TEMPORARY RESTRAINING ORDER** |

　　　　On September 5, 2014, this Court issued a temporary restraining order ordering members of The Turley Law Firm to refrain from initiating or having discussions with members of the conditional settlement class in this action. In response, Mr. David Mara of the The Turley Law Firm contacted the Court and indicated that there were three individuals – Parker Davis (named plaintiff in *Davis v. DS Waters of America, Inc.*, No. 14-cv-0250), Terry Dupree, and Richard Schleif – who had initiated contact with and eventually retained The Turley Law Firm prior to the commencement solicitation efforts by The Turley Law Firm. Following a conference call with the parties and Mr. Mara, Mr. Mara was directed to submit a sworn declaration and to fax the relevant communications with Mr. Dupree and Mr. Schleif to the Court for *in camera* review.

Based on the Court's review of the *in camera* documents, and in reliance of the sworn representations by Mr. Mara in his declaration, the Court finds that The Turley Law Firm established an attorney-client relationship with Mr. Dupree and Mr. Schleif prior to the solicitation efforts which gave rise to the Court's temporary restraining order.  The Class Notice expressly recognized that the class members could retain their own attorney – specifically in regards to objecting to the settlement. *See* Dkt. No. 80, at 37 ("You may object to the proposed settlement in writing.  You may also appear at the Final Approval Hearing, either in person or through your own attorney.  If you appear through your own attorney you are responsible for paying that attorney.").  Further, Federal Rule of Civil Procedure 23(c)(2)(B)(iv) recognizes that a "class member may enter an appearance through an attorney if the member so desires."

The Court will not restrict The Turley Law Firm's ability to communicate with clients it retained prior to the conduct in question.  Accordingly, this Court's temporary restraining order is hereby **MODIFIED** to permit The Turley Law Firm to communicate with Mr. Davis, Mr. Dupree, and Mr. Schleif.  The propriety of the remainder of the temporary restraining order will be addressed by the Court at the hearing scheduled for Wednesday, September 10, 2014.

IT IS SO ORDERED

Dated: September 5, 2014

_____
EDWARD M. CHEN
United States District Judge

2