WYNNE LAW FIRM
Edward J. Wynne      (SBN 165819)
ewynne@wynnelawfirm.com
J.E.B. Pickett       (SBN 154294)
jebpickett@wynnelawfirm.com
100 Drakes Landing Road Ste. 275
Greenbrae, CA 94904
Telephone: (415) 461-6400
Facsimile: (415) 461-3900

DICKINSON WRIGHT PLLC
Pro Hac Vice
Peter F. Klett, Esq.    (Tenn. Bar No. 12688)
pklett@dickinsonwright.com
424 Church Street, Suite 1401
Nashville, Tennessee 37219
Telephone: (615) 244-6538
Facsimile: (615) 256-8386

Attorneys for Plaintiff
HECTOR SARINANA

BOREN, OSHER & LUFTMAN
Paul K. Haines        (SBN 248226)
Email: phaines@bollaw.com
Fletcher W. Schmidt   (SBN 286462)
fschmidt@bollaw.com
5900 Wilshire Blvd., Suite 920
Los Angeles, California 90036
Phone: (323) 937-9900
Fax: (323) 937-9910

Attorneys for Plaintiff
ARJAY HALEY, the Classes, and Aggrieved Employees

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR SARINANA, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br>       v.<br><br>DS WATERS OF AMERICA, INC.,<br><br>                Defendant.<br><br>ARJAY HALEY as an individual and on Behalf of all others similarly situated,<br><br>                Plaintiff,<br>       vs.<br><br>DS WATERS OF AMERICA, INC., a Delaware Corporation; and DOES 1 THROUGH 10,<br><br>                Defendants. | Case No. 3:13-cv-00905-EMC<br><br>[PR~~OPO~~SED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND DISMISSAL WITH PREJUDICE<br><br>DATE: February 12, 2015<br>TIME: 1:30 P.M.<br>CTRM: 5, 17TH Flr.<br>JUDGE: Hon. Edward M. Chen<br>[CLASS ACTION] |

The Final Settlement Hearing in this case was held on February 19, 2015. The Court has reviewed Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement and the papers submitted in support thereof, as well as the entire record in this cause, and good cause appearing, it is ordered that the Settlement Agreement and General Release of Claims ("Settlement Agreement") is hereby fully and finally approved and shall be carried out and effectuated as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

1. This Order incorporates by reference the definitions in the Settlement Agreement and all terms defined therein shall have the same meaning in this Order.

2. The Court finds that the requisites for establishing class certification have been met. More specifically the Court finds as follows:

> (a) The Settlement Class Members are so numerous as to make it impracticable to join all class members;
>
> (b) The Settlement Class Members are ascertainable;
>
> (c) Common questions of law and fact exist;
>
> (d) Named Plaintiffs' claims are typical of the claims of the Settlement Class;
>
> (e) The prosecution of separation actions by individual members of the Settlement Class would create the risk of inconsistent or varying adjudications, which could establish incompatible standards of conduct for Defendant; and
>
> (f) Questions of law or fact common to members of the Settlement Class predominate over individual questions, and a class action is superior to the available means for the fair and efficient adjudication of the claims.

3. The Courts finds that the Settlement Class shall consist of the following:

> California Class: All persons employed by Defendant in California as Route Sales Representatives, Route Sales Specialists, Route Trainees, Industrial Route Representatives, or in any other sales position, who were eligible for overtime and incentives under Defendant's pay plans, who sold, delivered, and/or transported Defendant's products, and who were employed in such a position between February 28, 2009 and the date of

preliminary approval of this settlement (the "California Class Period").

FLSA Collective Class: All persons employed by Defendant in any state, other than California, as Route Sales Representatives, Route Sales Specialists, Route Trainees, Industrial Route Representatives, or in any other sales position, who were eligible for overtime and incentives under Defendant's pay plans, who sold, delivered, and/or transported Defendant's products, and who were employed in such a position between February 28, 2010 and the date of preliminary approval of this settlement (the "FLSA Collective Period") and opted into the FLSA Collective during the opt-in period.

4. The Court finds that the Settlement Agreement and the terms and conditions set forth in the Settlement Agreement are fair, reasonable, and adequate to the Class and each Settlement Class Member.

5. The Court finds that the two Notice of Settlement of Class Action Litigation and the Postcard Notices (the "Notices"), given by first class mail and email, were reasonable under the circumstances and satisfied the requirements of due process. The Court finds that the Notices were provided in a reasonable manner to all Settlement Class Members.

6. The Court finds that the Notices and the Postcard Notices properly afforded an opportunity to request exclusion. The Court finds that only three members of the Settlement Class did request to be excluded. As a result, Calvin Harris, Marcus Jean-Francosis and Carlos Zarate are excluded from the Settlement Class. Under the circumstances, this number of exclusions is reasonable.

7. The Court finds that the Notice and the Postcard Notices properly advised the Settlement Class Members of the Final Settlement Hearing, and of their right to object to the Settlement described in the Settlement Agreement.

8. The Court finds that the California Class Members who have not timely and validly opted out shall be bound by this Settlement, except as provided in the Agreement.

9. The Court finds that the FLSA Collective Class Members who filed timely and valid consents shall be bound by the Settlement except as provide in the Agreement.

10. The Court hereby grants full and final approval of the terms and conditions contained in the Settlement Agreement.

11. The Court finds that the Gross Fund Value ("GFV") of Two Million Dollars ($2,000,000.00) upon the terms and conditions set forth in the Settlement Agreement is fair, reasonable and adequate.

12. The Court hereby finds that Six Hundred Sixty-Six Thousand Six Hundred Sixty-Six and 66/100 Dollars ($666,666.66) is the amount of fair and reasonable attorneys' fees that should be paid to Class Counsel for all work done and to be done until the completion of these Actions. The Court hereby authorizes the Claims' Administrator to disburse the attorneys' fees (plus any accrued interest) in accordance with the terms of the Settlement Agreement.

13. The Court hereby finds Fifty-Two Thousand Eight Hundred Eighty-Two and 36/100 Dollars ($52,882.36) is the amount of reasonable costs that should be paid to Class Counsel to reimburse them for reasonable costs incurred in prosecuting these Actions. The Court hereby authorizes the Claims' Administrator to disburse said amount to Class Counsel in accordance with the Settlement Agreement.

14. The Court hereby authorizes the payment of Twenty Five Hundred Dollars ($2,500.00) each to the Class Representatives Hector Sarinana and Arjay Haley for their services as Class Representatives in accordance with the Settlement Agreement, in addition to their individual distributions as Settlement Class Members. The Court hereby authorizes the Claims' Administrator to pay such amounts to the Class Representatives in accordance with the terms of the Settlement Agreement.

15. The Court hereby authorizes the payment of Three Thousand Seven Hundred Fifty and 00/100 Dollars ($3,750.00) to the California Labor and Workforce Development Agency and the payment of One Thousand Two Hundred Fifty and 00/100 Dollars ($1,250.00) to the Participating California Class Members. These amounts will be paid from the GFV in accordance with the terms of the Settlement Agreement.

16. The Court hereby authorizes the payment of Sixty-One Thousand One Hundred Twelve and 00/100 Dollars ($61,112.00) to Kurtzman Carson Consultants LLC ("KCC") for its work as Claims' Administrator.

17. As a result, the Court approves the following distribution calculation:

| | | |
|---|---:|---:|
| GFV | | $2,000,000.00 |
| Accrued Interest | | 172.90 |
| Total GFV and Interest | | $2,000,172.90 |
| Less: | | |
| Attorneys' Fees | | $666,666.66 |
| Accrued Interest on Fees | | 57.06 |
| Costs | | 52,882.36 |
| Incentive Awards: | | |
| (1) Hector Sarinana | $2,500.00 | |
| (2) Arjay Haley | $2,500.00 | 5,000.00 |
| PAGA Payment to LWDA | | 3,750.00 |
| Cost of Administration | | 61,112.00 |
| Total Deductions | | 789,468.08 |
| Net Fund Value (NFV) for Distribution | | $1,210,704.82 |

18. The Court finds that the Net Fund Value ("NFV") of One Million Two Hundred Ten Thousand Seven Hundred Four and 82/100 Dollars ($1,210,704.82), upon the terms and conditions set forth in the Settlement Agreement is fair, reasonable and adequate. The Court hereby authorizes the Claims' Administrator to disburse the NFV in accordance with the terms of the Settlement Agreement.

19. In consideration of the GFV, and for other good and valuable consideration, each of the California Class Members who have not timely and validly opted out and the FLSA Collective Class Members who timely and validly opted-in shall, by operation of this Judgment, have fully, finally, and forever released, relinquished, and discharged all Released Claims in accordance with the Settlement Agreement, shall have covenanted not to sue any of the Releasees with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing, prosecuting or asserting any such Released Claim against any of the Releasees.

20. The Court hereby retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of the Settlement Agreement and this Order.

21. Both Actions are hereby dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: 2/26 , 2015.    _____
HON. EDWARD M. CHEN

*IT IS SO ORDERED — Judge Edward M. Chen (signature stamp)*

**APPROVED FOR CONTENT:**

DATED: _____, 2015.    **WYNNE LAW FIRM**

By: /s/ Edward J. Wynne
    Edward J. Wynne
    Attorney for Plaintiff, Hector Sarinana

DATED: _____, 2015.    **DICKINSON WRIGHT PLLC**

By: /s/ Peter F. Klett III
    Peter F. Klett III
    Attorney for Plaintiff, Hector Sarinana

DATED: _____, 2015.    **BOREN, OSHER & LUFTMAN**

By: /s/ Paul K. Haines
    Paul K. Haines
    Attorney for Plaintiff, Arjay Haley

DATED: _____, 2015.    **SEYFARTH SHAW LLP**

By: /s/ Catherine M. Dacre
    Catherine M. Dacre
    Attorney for Defendant, DS Waters